**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| SUZANNE VENEZIA, : | CIVIL ACTION NO. 10-4634 (MLC) |
| : |  |
| Plaintiff, : | **O P I N I O N** |
| : |  |
| v. : |  |
| : |  |
| MANASQUAN POLICE DEPARTMENT, : |  |
| : |  |
| Defendant. : |  |

**THE PLAINTIFF**, who is pro se, brings this action containing apparent claims for malicious prosecution in violation of 42 U.S.C. § 1983 ("Section 1983") and state law. (Dkt. entry no. 54, 2d Am. Compl.) As far as this Court can discern, (1) the plaintiff was cited for leaving the scene of an accident after being accused of damaging stationary vehicles while parking her vehicle, (2) Manasquan Borough Municipal Court held a trial, and (3) the Municipal Judge directed a verdict of not guilty. (Id.)

**THE DEFENDANT** moves to dismiss the Second Amended Complaint, arguing that it is violation of Federal Rules of Civil Procedure ("Rules") 8(a), 8(d), and 10(b). (Dkt. entry no. 55). This Court is constrained to agree, and will grant the motion.

**THE PLAINTIFF** has been directed on at least one occasion on the proper way to draft a complaint. (See dkt. entry no. 16, 10-15-10 Order (describing how plaintiff presented (1) different allegations among several filings rather than in one pleading,

and (2) incoherent claims).)  The plaintiff has heeded the Court's directives only in part in the Second Amended Complaint.

**THE SECOND AMENDED COMPLAINT** relies on federal and state statutes, but is deficient because the allegations are presented in ways that defy any meaningful opportunity for the defendant to respond.  The Second Amended Complaint has ten footnotes; it should contain none.  The first three pages are dedicated to commentary on court orders and the ways in which the Second Amended Complaint differs from previous pleadings; that is inappropriate.  The Second Amended Complaint is replete with phrases that are unnecessarily underlined, in all capital letters in the middle of sentences, or italicized.  Most of the paragraphs, which are indeed numbered, improperly contain multiple allegations.

**THE SECOND AMENDED COMPLAINT** presents a dense thicket of rambling statements over the course of 16 pages, as well as 80 pages of annexed exhibits.  It contains citations to case law and arguments that may be appropriate for a brief, but that are inappropriate for presentation in a complaint.  The allegations are not short, plain, concise, and direct.  The Court will not require the defendant to dissect these allegations in an effort to file an adequate answer.

**THIS COURT** will grant the motion and dismiss the Second Amended Complaint.  But the plaintiff, as a pro se litigant, will

be given one more opportunity to file a proper pleading.  Thus, the dismissal will be without prejudice to the plaintiff to move to reopen the action and for leave to file a third amended complaint curing the deficiencies detailed above.  If the plaintiff so moves, then a proposed third amended complaint must be annexed as an exhibit for this Court to review.

**THE PLAINTIFF**, if moving to reopen, must address another issue.  It appears that the plaintiff has instituted a parallel proceeding in New Jersey Superior Court, Monmouth County ("State Proceeding").  See Venezia v. Manasquan Police Department, No. 5860-10.  "There is nothing necessarily inappropriate . . . about filing a protective action".  Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 294 n.9 (2005) (citing with approval Gov't of V.I. v. Neadle, 861 F.Supp. 1054, 1055 (M.D. Fla. 1994), which stayed action brought by plaintiffs "to protect themselves" if personal jurisdiction over defendant failed in other court).  But if there is a parallel State Proceeding, then this Court would be inclined to abstain pursuant to the Colorado River abstention doctrine, which authorizes a stay where a duplicate or parallel state court action is pending, in consideration of wise judicial administration, the conservation of judicial resources, and the comprehensive disposition of litigation.  Colo. River Water Conservation Dist. v. United States, 424 U.S. 800, 817-19 (1976).

**THE STATE PROCEEDING** may "involve the same parties and substantially identical claims, raising nearly identical allegations and issues."  IFC Interconsult v. Safeguard Int'l Partners, 438 F.3d 298, 306 (3d Cir. 2006); see Flint v. A.P. DeSanno & Sons, 234 F.Supp.2d 506, 510-11 (E.D. Pa. 2002).  This Court would then consider: (1) the inconvenience of the federal forum ("Convenience Factor"); (2) the desirability of avoiding piecemeal litigation ("Piecemeal Factor"); (3) the order in which jurisdiction has been obtained by the concurrent forums ("Forum Factor"); (4) whether a federal question is presented ("Federal Factor"); and (5) whether the State Proceeding would adequately protect the plaintiff's rights ("Rights Factor").  Colo. River, 424 U.S. at 818-19; see Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 23, 26 (1983).

**THE CONVENIENCE FACTOR** would weigh in favor of abstention.  Plaintiff, as a Pennsylvania citizen, would be equally inconvenienced traveling to either the state court in Monmouth County or the federal court in Trenton.  But litigating in Monmouth County would be more convenient for the defendant.  See Chiampi v. Bally's Park Place, No. 05-3395, 2007 WL 465469, at *2 (D.N.J. Feb. 7, 2007) (abstaining in favor of Atlantic County Superior Court proceeding, even though plaintiff lived closer to federal court in Camden, as claim arose in and defendant and witness were in Atlantic City); Albright v. Sears, Roebuck & Co.,

4

No. 95-4240, 1995 WL 664742, at *1-2 (E.D. Pa. Nov. 7, 1995) (abstaining in favor of action in Berks County Court of Common Pleas, as operator of mower in issue and witnesses were in Berks County, and thus federal court in Philadelphia less convenient).

**THE PIECEMEAL FACTOR**, Federal Factor, and Rights Factor would be affected by the same fact: the plaintiff seeks relief under Section 1983. The Piecemeal Factor would favor abstention. There is a strong federal policy against piecemeal litigation evinced here, as "[i]t is certainly true that state courts of general jurisdiction can adjudicate cases invoking federal statutes, such as § 1983", Nevada v. Hicks, 533 U.S. 353, 366 (2001), and thus litigating the same claim in two separate forums would be wasteful. See Klements v. Cecil Twp., No. 09-3213, 2010 WL 4850713, at *1 (3d Cir. Nov. 30, 2010) (noting district court stayed Section 1983 claim due to parallel state action).

**THE FEDERAL FACTOR** would weigh against abstention due to the presence of the Section 1983 claim. But the Rights Factor would favor abstention, as New Jersey state courts can adjudicate such a claim. Indeed, that the plaintiff brought the State Proceeding "belies any claim that the state court cannot adequately protect [the plaintiff's] interests". BIL Mgmt. Corp. v. N.J. Econ. Dev. Auth., 310 Fed.Appx. 490, 493 (3d Cir. 2008). The Forum Factor would depend upon the progress, if any, of the State Proceeding. Id.

**IF THIS COURT** were to abstain, and if the plaintiff were to elect to return to federal court upon the conclusion of the State Proceeding, then the defendant would be protected from duplicate litigation by the preclusion doctrines and the Rooker-Feldman doctrine.  See D.C. Ct. of Apps. v. Feldman, 460 U.S. 462, 482 (1983); Rooker v. Fid. Tr. Co., 263 U.S. 413, 414-16 (1923).

**THE COURT** will issue an appropriate order and judgment.

       s/ Mary L. Cooper
**MARY L. COOPER**
United States District Judge

Dated:   May 31, 2011