**NOT FOR PUBLICATION**

```
                  UNITED STATES DISTRICT COURT
                     DISTRICT OF NEW JERSEY
                                    :
SUZANNE VENEZIA,                    :   CIVIL ACTION NO. 10-4634 (MLC)
                                    :
      Plaintiff,                    :        O P I N I O N
                                    :
      v.                            :
                                    :
MANASQUAN POLICE DEPARTMENT,        :
                                    :
      Defendant.                    :
                                    :
```

**THIS IS AN ACTION** apparently seeking to recover damages pursuant to 42 U.S.C. § 1983 ("Section 1983") and state law. The plaintiff was cited for leaving the scene of an accident; a Municipal Court thereafter directed a verdict of not guilty in the plaintiff's favor.

**BY** an Opinion, and an Order and Judgment, both dated May 31, 2011 ("May Opinion" and "May Order"), the Court dismissed the Second Amended Complaint because it did not comply with Federal Rules of Civil Procedure ("Rules") 8(a), 8(d), and 10(b). (Dkt. entry no. 64, 5-31-11 Order & J.; see dkt. entry no. 63, 5-31-11 Op.) That dismissal followed an Order, dated October 15, 2010 ("October 2010 Order"), wherein the plaintiff had already been instructed on how to properly draft a pleading. (See dkt. entry no. 16, 10-15-10 Order.) The plaintiff is assumed to be familiar with the contents of the October 2010 Order, the May 2011 Opinion, and the May 2011 Order, and thus the Court will not repeat their contents here.

**THE COURT** granted the plaintiff one more opportunity to file a proper pleading. (See 5-31-11 Order.) The plaintiff has now submitted a Proposed Third Amended Complaint for this Court to review as an exhibit to her two motions seeking relief from the May 2011 Order. (See dkt. entry nos. 66 & 67.)

**THE COURT** is constrained to conclude that the plaintiff, once again, has failed to abide by the Rules. The Second Amended Complaint contained a dense thicket of rambling statements over the course of 16 pages, as well as 80 pages of annexed exhibits. The Proposed Third Amended Complaint consists of 15 pages of statements and 50 pages of annexed exhibits. This page count does not include the many pages of indiscernible arguments and exhibits that the plaintiff has separately annexed in support of her motions seeking relief from the May 2011 Order.

**IT IS ALSO APPARENT** that the plaintiff's attempts to continue to litigate a claim under Section 1983 are without merit. See McGowan v. Bor. of Economy, No. 06-932, 2008 WL 655979, at *3 (W.D. Pa. Mar. 5, 2008) (stating "the issuance of a traffic citation and the decision to proceed with the prosecution as to the same is not, standing alone, violative of any recognized constitutional right", and noting that "the successful appeal of the [offense at issue] vindicated Plaintiff, thus ameliorating any damage to her reputation"); Bell v. Brennan, 570 F.Supp. 1116, 1119 (E.D. Pa. 1983) (stating plaintiff "received a traffic

citation, requested and received a hearing at which she was allowed to defend herself and eventually was released from the charges", and thus "[t]hose facts do not, without more, arise to the level of a constitutional violation").

**THE COURT** thus intends to deny the plaintiff's motions seeking relief from the May 2011 Order.  In doing so, the Court is not addressing the plaintiff's allegations insofar as they may be construed to implicate state law.  The plaintiff will be granted leave to pursue any state law claims in state court, in the interests of justice.  See 28 U.S.C. § 1367.  The Court will issue an appropriate order and judgment.[1]

                                       s/ Mary L. Cooper
                                       **MARY L. COOPER**
                                       United States District Judge

Dated:    March 23, 2012

---

[1] The Court expressed concerns in the May 2011 Opinion about potential parallel state court proceedings.  (See 5-31-11 Op. at 3-6.)  Those concerns are now moot.